Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000392
28-JUN-2019
11:42 AM

NO. CAAP-19-0000392

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
BRONSON GOUVEIA, Defendant-Appellant, and
LUKE J. WARNER, Interested Party-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-18-002012)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of the record on appeal for the underlying case in circuit court criminal court case number 1CPC-18-0002012, it appears that we lack appellate jurisdiction under Hawaii Revised Statutes (HRS) § 641-11(2016) to review this appeal by Non-Party/Appellant Luke J. Warner (Warner), pro se, from the Honorable Paul B.K. Wong's April 25, 2019 order denying Warner's motion to disqualify attorneys Michael Jay Green and Myles S. Breiner from representing Defendant-Appellee Bronson Gouveia (Gouveia) in Plaintiff-Appellee State of Hawaii's (the State) prosecution against Gouveia for

(1)  attempted murder in the second decree in violation of HRS § 707-701.5 (2014 & Supp 2018) and HRS § 705-500 (2014),

(2)  ownership or possession of a prohibited firearm or ammunition by a person convicted of certain crimes in violation of HRS § 134-7(b) (2011), and

> (3) carrying or using a firearm in the commission of a separate felony in violation of HRS § 134-21 (2011).

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The law that allows appeals from circuit court criminal cases is HRS § 641-11, which provides that "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court. The sentence of the court in a criminal case shall be the judgment." In determining whether an order or judgment qualifies for appealability under HRS § 641-11, the Supreme Court of Hawai'i has "focused the inquiry on whether the relevant order terminated the proceedings in the case and left nothing further to be accomplished by the lower court." Nicol, 140 Hawai'i at 492, 403 P.3d at 269. Consequently, HRS § 641-11 authorizes an aggrieved party in a circuit court criminal case to appeal from either a judgment of conviction with a sentence or an order dismissing the proceedings without prejudice. Nicol, 140 Hawai'i at 494, 403 P.3d at 271.

In the instant case, the circuit court has not yet held a trial, nor has the circuit court entered a judgment of conviction or order of dismissal as to the three-count indictment against Gouveia. The April 25, 2019 order denying Warner's motion to disqualify Gouveia's attorneys is an interlocutory order that is not independently appealable. Chuck v. St. Paul Fire and Marine Ins. Co., 61 Haw. 552, 556-57, 606 P.2d 1320, 1323-24 (1980) (holding that an order granting a motion to disqualify counsel is not appealable as a matter of right). Accordingly, the April 25, 2019 order denying Warner's motion to disqualify Gouveia's attorneys is not an appealable order.

Even if the April 25, 2019 order were appealable, Warner is a non-party who lacks standing to appeal from the underlying case.

2

> Generally, the requirements of standing to appeal are: (1) <u>the person must first have been a party to the action</u>; (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) such person must be aggrieved by the ruling, i.e., the person must be one who is affected or prejudiced by the appealable order.

<u>Abaya v. Mantell</u>, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (citation, internal quotation marks and emphasis omitted; emphasis in original). "In other words, non-parties, who did not or could not intervene, are ordinarily denied standing to appeal." <u>Id.</u> (citation and internal quotation marks omitted; emphasis in original); <u>see</u>, e.g., <u>State v. Nilsawit</u>, 139 Hawai'i 86,94, 384 P.3d 862, 870 (2016) (Affirming the ICA's dismissal of an appeal by a non-party news agency, Hawaii News Now (HNN), from a criminal case because "HNN is not a party in this case, and" none of the applicable statutes "provide an independent source of appellate jurisdiction to the ICA."). As a non-party in the State's prosecution against Gouveia in circuit court criminal case number 1CPC-18-0002012, Warner lacks standing to appeal.

Therefore, IT IS HEREBY ORDERED appellate court case number CAAP-19-0000392 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 28, 2019.

Presiding Judge

Associate Judge

Associate Judge

3